IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JASMIN R. STEFFAN                                               PLAINTIFF

v.                      CIVIL NO. 24-3051

FRANK BISIGNANO, Commissioner
Social Security Administration                             DEFENDANT

**<u>MEMORANDUM OPINION</u>**

Plaintiff. Jasmin R. Steffan, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on January 11, 2019, alleging an inability to work since March 22, 2014, due to seizures, diabetes, anxiety and agoraphobia. (Tr. 152, 408, 414). For DIB purposes, Plaintiff maintained insured status through September 30, 2018. (Tr. 151, 447). An administrative telephonic hearing was held on July 16, 2021, at which Plaintiff appeared with counsel and testified. (Tr. 62-108).

In a written decision dated September 23, 2021, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work with limitations. (Tr. 205-217). Plaintiff requested review of the unfavorable decision by the Appeals Council. The Appeals Council

vacated the ALJ's decision and remanded Plaintiff's case back to the ALJ for further development on November 3, 2022. (Tr. 223-226).  A supplemental administrative video hearing was held on June 29, 2023. (Tr. 109-150).

By written decision dated April 1, 2024, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 19).  Specifically, the ALJ found Plaintiff had the following severe impairments: obesity, diabetes mellitus, epilepsy/a seizure disorder, migraines, hypothyroidism, hypertension, obstructive sleep apnea, insomnia, right carpal tunnel syndrome, right shoulder impingement syndrome, depression, generalized anxiety disorder, panic attacks, unspecified personality disorder, and posttraumatic stress disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 20). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except she can occasionally climb ramps/stairs, she can never climb ladders/ropes/scaffolds, she can occasionally balance, stoop, kneel, crouch, crawl; she can frequently reach, handle and finger with her dominant right upper extremity; and she must avoid concentrated exposure to temperature extremes, humidity, noise, i.e., no jobs with a noise rating higher than 3/moderate per the Dictionary of Occupational Titles (DOT), and fumes/odors/dusts/gases/poor ventilation; and she must avoid all exposure to hazards, i.e., no work at unprotected heights, no work around dangerous, unprotected moving machinery, and no driving or operating equipment as a part of work. She can further understand, remember and carry out simple instructions, can use judgment to make simple work-related decisions, can have occasional interactions with supervisors and coworkers, can have no interactions with the public and can deal with occasional changes in a routine work setting.

(Tr. 23). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a merchandise marker, a collator operator, and a photocopy machine operator. (Tr. 34).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 1, 2024. (Tr. 1-6). Subsequently, Plaintiff filed this action. (Doc. 2). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 9, 11).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence. In making this claim, Plaintiff argues the following issues on appeal: 1) The ALJ erred in making conclusory statements in evaluating Plaintiff's symptoms without any sufficient basis in the record; 2) The ALJ erred by failing to give appropriate weight to Plaintiff's subjective complaints; 3) The ALJ erred in failing to evaluate the combined effect of Plaintiff's impairments; 4) The ALJ erred in not upholding the duty to develop the record; and 5) The ALJ erred in finding that there are jobs available that Plaintiff can perform. (ECF No. 9). Defendant

argues the ALJ properly considered all the evidence, and that the decision is supported by substantial evidence. (ECF No. 11).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. The ALJ has a basic obligation to develop the medical record, but Plaintiff bears the burden of proving she is disabled and is responsible for producing evidence to support her claim. *See Stormo v. Barnhart,* 377 F.3d 801, 806 (8th Cir. 2004). After reviewing the entire record, the Court finds the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period. *See Haley v. Massanari,* 258 F.3d 742, 749–50 (8th Cir. 2001) (it is permissible for ALJ to issue decision without obtaining added medical evidence, so long as other evidence provides sufficient basis for ALJ's decision).

The ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (Tr. 20). Such language demonstrates the ALJ considered the combined effect of Plaintiff's impairments. *See Martise v. Astrue*, 641 F.3d 909, 924 (8th Cir. 2011).

In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of the examining and non-examining agency medical consultants, Plaintiff's subjective complaints, her medical records and witness statements. With each medical opinion, the ALJ stated how persuasive he found the opinion and articulated the basis for his finding. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to

4

demonstrate RFC and prove disability remains on claimant). The Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing unskilled work a merchandise marker, a collator operator, and a photocopy machine operator. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 13th day of June 2025.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE